EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JONATHAN GALATZAN
California Bar No. 190414
Assistant United States Attorney
Asset Forfeiture Section
      Federal Courthouse, 14th Floor
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-2727
      Facsimile: (213) 894-7177
      E-mail:    Jonathan.Galatzan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>REAL PROPERTY LOCATED IN<br>BRENTWOOD, CALIFORNIA<br>(TWYNHAM),<br><br><br>　　　　　Defendant.<br>_____<br><br>BRADLEY MARTIN LEWIS TWYNHAM<br>AND MARIEL TWYNHAM,<br><br>　　　　　Titleholders.<br>_____ | ) CV 15-6794 RGK (AJWx)<br>)<br>) STIPULATION RECOGNIZING LIEN OF<br>) PREMIER AMERICA CREDIT UNION;<br>) [PROPOSED] ORDER THEREON LODGED<br>) UNDER SEPARATE COVER<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff United States of America ("Plaintiff" or "the government") and Claimant Premier America Credit Union ("Premier America" or "Lienholder"), through their respective undersigned counsel, as follows:

1.  Plaintiff has filed a civil forfeiture complaint against real property located in Brentwood, California (the "Subject Property").  Premier America claims an interest in the Subject Property, but has not filed a claim in this case or answered the complaint.  However, Premier America would have filed a claim and answer in this case absent this agreement.

2.  Lienholder holds a valid pre-existing lien on the Subject Property, which lien is not contested by Plaintiff.

3.  Any violations of Title 18 involving the Subject Property as alleged in Plaintiff's complaint occurred without the knowledge and consent of Lienholder.

4.  On April 7, 2014, a Deed of Trust was recorded as Instrument No. 20140369222 against the Subject Property identifying Premier America as beneficiary (the "Deed of Trust").

5.  Plaintiff and Lienholder agree that upon entry of a judgment in favor of Plaintiff forfeiting the Subject Property to Plaintiff (the "Judgment of Forfeiture"), Plaintiff will seek to sell the Subject Property.

6.  Plaintiff agrees that upon entry of the Judgment of Forfeiture in favor of Plaintiff, and upon the sale of the Subject Property, the funds generated by the sale shall be distributed in the following priority:

a.   First, to the United States Marshals Service for its costs and expenses of the sale;

b.   Second, to the extent sufficient sale funds are available, to the Los Angeles County Assessor and Tax Collector of all unpaid real property taxes assessed against the Subject Property to the date of entry of the Judgment of Forfeiture;

c.   Third, to the extent that sufficient sale funds are available, to Premier America as follows:

   i.   All unpaid principal and interest due under the Note which is secured by the Deed of Trust, as of the date of the closing with respect to Plaintiff's sale of the Subject Property.  Lienholder claims that the current amount of the loan as of September 25, 2015 is $1,038,000.00, including principal, interest, late fees, and reimbursable costs; and

   ii.  All other fees, costs and advances as provided under the terms of the Note and Deed of Trust, as of the date of the closing with respect to Plaintiff's sale of the Subject Property.  These fees, costs and advances include, but are not limited to, fees, advances or costs for property taxes, insurance (including for hazard insurance), reasonable attorney fees and costs and fees

and costs incurred in protecting

Lienholder's security interest; and

    d.    Fourth, the balance to Plaintiff pursuant to the

terms of the Judgment of Forfeiture.

    7.    The above-described payment to Lienholder from the sales proceeds of the Subject Property shall be in full settlement and satisfaction of any and all claims by Lienholder to the Subject Property and of all claims against Plaintiff resulting from the incidents or circumstances giving rise to this lawsuit.

    8.    Upon payment, Lienholder agrees to convey its security interest to the United States via recordable documents and to release and hold harmless the Plaintiff, and any agents, servants, and employees of the government (or any state or local law enforcement agency) acting in its individual or official capacities, from any and all claims which currently exist or which may arise as a result of the government's action against the Subject Property.

    9.    Lienholder hereby agrees not to pursue against the Plaintiff any other rights that it may have under the Deed of Trust, including, but not limited to, the right to initiate a judicial or non-judicial foreclosure action, without the consent of the United States Attorney's Office or this Court. Lienholder further agrees to join any government motions for interlocutory or stipulated sale of the Subject Property and any motions to remove occupants from the property for nonpayment of rent, destruction of property, or other just cause.

10.   Lienholder understands and agrees that by entering into this stipulation, it waives any right to further litigate against Plaintiff its interest in the Subject Property.  Unless specifically directed by order of this Court, Premier America is hereby excused and relieved from further participation in this action.

11.   The parties agree to execute further documents, to the extent necessary, to convey clear title to the Subject Property to Plaintiff and to further implement the terms of this Stipulation.  The terms of this Stipulation are contingent upon forfeiture of the Subject Property to Plaintiff and the Court's entry of the Judgment of Forfeiture.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

1        12.   Other than as set forth in paragraph 6 of this

2   Stipulation, each party shall bear its own attorney fees and

3   costs.   This Stipulation is binding upon Premier America and its

4   successors and assigns.

5
    DATED:  _Oct 22_____, 2015     EILEEN M. DECKER
6                                  United States Attorney
                                   LAWRENCE S. MIDDLETON
7                                  Assistant United States Attorney
                                   Chief, Criminal Division
8                                  STEVEN R. WELK
                                   Assistant United States Attorney
9                                  Chief, Asset Forfeiture Section

10

11                                 _____
                                   JONATHAN GALATZAN
12                                 Assistant United States Attorney

13                                 Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA
14

15  DATED:  _Oct. 22_____, 2015

16

17                                 _____
                                   BRUCE D. NEEDLEMAN, Counsel for
18                                 PREMIER AMERICA CREDIT UNION

19

20

21

22

23

24

25

26

27

28

                                    6