```
 1  EILEEN M. DECKER
    United States Attorney
 2  LAWRENCE S. MIDDLETON
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEVEN R. WELK
 4  Assistant United States Attorney
    Chief, Asset Forfeiture Section
 5  JONATHAN GALATZAN
    California Bar No. 190414
 6  Assistant United States Attorney
    Asset Forfeiture Section
 7      Federal Courthouse, 14th Floor
        312 North Spring Street
 8      Los Angeles, California 90012
        Telephone:  (213) 894-2727
 9      Facsimile:  (213) 894-7177
        E-mail:     Jonathan.Galatzan@usdoj.gov
10
    Attorneys for Plaintiff
11  UNITED STATES OF AMERICA
```

FILED
CLERK, U.S. DISTRICT COURT
OCT 27 2015
CENTRAL DISTRICT OF CALIFORNIA
BY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>     vs.<br>REAL PROPERTY LOCATED IN<br>BRENTWOOD, CALIFORNIA<br>(TWYNHAM),<br><br>           Defendant.<br>_____<br><br>BRADLEY MARTIN LEWIS TWYNHAM<br>AND MARIEL TWYNHAM,<br><br>           Titleholders. | CV 15-6794 RGK (AJWx)<br><br>[~~PROPOSED~~]<br>ORDER RECOGNIZING LIEN OF LIEN<br>OF PREMIER AMERICA CREDIT UNION |

1

Pursuant to the Stipulation of Plaintiff United States of America ("Plaintiff" or "the government") and Premier America Credit Union ("Premier America" or "Lienholder"), and good cause appearing therefor, IT IS HEREBY ORDERED:

1. Plaintiff has filed a civil forfeiture complaint against real property located in Brentwood, California (the "Subject Property"). Premier America claims an interest in the Subject Property, but has not filed a claim in this case or answered the complaint. However, Premier America would have filed a claim and answer in this case absent this order.

2. Lienholder holds a valid pre-existing lien on the Subject Property, which lien is not contested by Plaintiff.

3. Any violations of Title 18 involving the Subject Property as alleged in Plaintiff's complaint occurred without the knowledge and consent of Lienholder.

4. On April 7, 2014, a Deed of Trust was recorded as Instrument No. 20140369222 against the Subject Property identifying Premier America as beneficiary (the "Deed of Trust").

5. Upon entry of a judgment in favor of Plaintiff forfeiting the Subject Property to Plaintiff (the "Judgment of Forfeiture"), Plaintiff will seek to sell the Subject Property.

//
//
//

1   6.   Upon the sale of the Subject Property, the funds
2 generated by the sale shall be distributed in the following
3 priority:
4       a.   First, to the United States Marshals Service for
5            its costs and expenses of the sale;
6       b.   Second, to the extent sufficient sale funds are
7            available, to the Los Angeles County Assessor and
8            Tax Collector of all unpaid real property taxes
9            assessed against the Subject Property to the date
10           of entry of the Judgment of Forfeiture;
11      c.   Third, to the extent that sufficient sale funds
12           are available, to Premier America as follows:
13           i.   All unpaid principal and interest due under
14                the Note which is secured by the Deed of
15                Trust, as of the date of the closing with
16                respect to Plaintiff's sale of the Subject
17                Property.  Lienholder claims that the
18                current amount of the loan as of September
19                25, 2015 is $1,038,000.00, including
20                principal, interest, late fees, and
21                reimbursable costs; and
22           ii.  All other fees, costs and advances as
23                provided under the terms of the Note and
24                Deed of Trust, as of the date of the closing
25                with respect to Plaintiff's sale of the
26                Subject Property.  These fees, costs and
27                advances include, but are not limited to,
28                fees, advances or costs for property taxes,

       insurance (including for hazard insurance), reasonable attorney fees and costs and fees and costs incurred in protecting Lienholder's security interest; and

  d. Fourth, the balance to Plaintiff pursuant to the terms of the Judgment of Forfeiture.

 7. The above-described payment to Lienholder from the sales proceeds of the Subject Property shall be in full settlement and satisfaction of any and all claims by Lienholder to the Subject Property and of all claims against Plaintiff resulting from the incidents or circumstances giving rise to this lawsuit.

 8. Upon payment, Lienholder shall convey its security interest to the United States via recordable documents and to release and hold harmless the Plaintiff, and any agents, servants, and employees of the government (or any state or local law enforcement agency) acting in its individual or official capacities, from any and all claims which currently exist or which may arise as a result of the government's action against the Subject Property.

 9. Lienholder shall not pursue against the Plaintiff any other rights that it may have under the Deed of Trust, including, but not limited to, the right to initiate a judicial or non-judicial foreclosure action, without the consent of the United States Attorney's Office or this Court. Lienholder has further agreed to join any government motions for interlocutory or stipulated sale of the Subject Property and any motions to

1 | remove occupants from the property for nonpayment of rent,
2 | destruction of property, or other just cause.
3 |     10.   Lienholder has waived any right to further litigate
4 | against Plaintiff its interest in the Subject Property. Unless
5 | specifically directed otherwise, Premier America is hereby
6 | excused and relieved from further participation in this action.
7 |     11.   The parties shall execute further documents, to the
8 | extent necessary, to convey clear title to the Subject Property
9 | to Plaintiff and to further implement the terms of this
10 | Stipulation. The terms of this Order are contingent upon
11 | forfeiture of the Subject Property to Plaintiff and the Court's
12 | entry of the Judgment of Forfeiture.
13 | //
14 | //
15 | //
16 | //
17 | //
18 | //
19 | //
20 | //
21 | //
22 | //
23 | //
24 | //
25 | //

12. Other than as set forth in paragraph 6 of this Order, each party shall bear its own attorney fees and costs. This Stipulation is binding upon Premier America and its successors and assigns.

DATED: OCTOBER 27, 2015

THE HONORABLE R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Submitted By:

EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

JONATHAN GALATZAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

BRUCE C. NEEDLEMAN, Counsel for
PREMIER AMERICA CREDIT UNION

6