```
EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JONATHAN GALATZAN
Assistant United States Attorney
Asset Forfeiture Section
California Bar No. 190414
     Federal Courthouse, 14th Floor
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-2727
     Facsimile:  (213) 894-7177
     E-mail: Jonathan.Galatzan@usdoj.gov

Attorneys for Plaintiff
United States of America
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>REAL PROPERTY LOCATED IN BRENTWOOD, CALIFORNIA (TWYNHAM) AND $13,271.07 SEIZED FROM PREMIER AMERICA CREDIT UNION ACCOUNT NUMBER XXXXXX5967,<br><br>  Defendants.<br><br>BRADLEY MARTIN LEWIS TWYNHAM AND MARIEL TWYNHAM,<br><br>  Claimants. | NO. CV 15-6794 RGK (AJWx)<br><br>JOINT RULE 26(f) REPORT<br><br>Scheduling Conference:<br>February 1, 2016<br>Time: 9:00 a.m. |

1

**JOINT RULE 26(f) REPORT**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1, counsel for plaintiff United States of America and claimants Bradley Martin Lewis Twynham and Mariel Twynham ("Claimants"), by their attorneys, submit this Joint Rule 26(f) Report.

A. BASIS FOR SUBJECT MATTER JURISDICTION

The government has alleged in paragraph 2 of the complaint that subject matter jurisdiction exists under 28 U.S.C. §§ 1345 and 1355.

B. CONCISE STATEMENT OF FACTUAL AND LEGAL BASIS OF CLAIMS AND DEFENSES

1. Plaintiff's Position

This civil forfeiture action was commenced on September 2, 2015. On December 17, 2015, the government filed its Second Amended Complaint. The Second Amended Complaint alleges that based on certain misrepresentations from the founder of ServiceMesh, Inc. that ServiceMesh legitimately exceeded an agreed-upon earnout amount revenue floor, Computer Sciences Corporation disbursed $98,034,058.00 to ServiceMesh shareholders upon Computer Sciences Corporation's purchase of ServiceMesh. The government alleges that but for these misrepresentations, Computer Sciences Corporation would not have paid the earnout amount to the ServiceMesh shareholders. The government alleges that the defendant real property and bank funds represent or are traceable to proceeds of one or more violations of 18 U.S.C. § 1343 (wire fraud), a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B). The government alleges that defendant real property and defendant bank funds are therefore subject to forfeiture pursuant to 18 U.S.C.

§ 981(a)(1)(C). Plaintiff further alleges that the defendant real property constitutes property involved in one or more transactions in violation of 18 U.S.C. § 1957(a), or property traceable to such property, with the specified unlawful activity being one or more violations of 18 U.S.C. § 1343. The government alleges that defendant real property is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

        2.   <u>Claimants' Position</u>

Claimants Brad Twynham (44) and his wife Mariel Twynham (31) are Australian citizens who previously resided in Los Angeles, California. The real property that the government seeks to forfeit is their home and principal marital asset; the bank funds the government has seized are their personal savings.

Claimants intend to vigorously contest that the defendant real property and bank funds are subject to forfeiture. The real property was purchased with funds that Mr. Twynham received from Computer Sciences Corporation ("CSC") in return for his ServiceMesh shares, which he had rightfully earned through his work for ServiceMesh, first as a consultant and then as an employee. He is but one of approximately 170 ServiceMesh shareholders whose shares were acquired by CSC in its November 2013 acquisition of ServiceMesh. For reasons the government has yet to reveal, however, Mr. Twynham is the only ServiceMesh shareholder whose money and property the government has sought to forfeit.

Importantly, the government does not allege, nor could it, that Mr. Twynham was a knowing participant in the alleged scheme to defraud CSC; that he was a party or privy to the alleged

3

**JOINT RULE 26(f) REPORT**

misrepresentations underlying that scheme; or that he was involved in or had knowledge of the alleged illicit payments that form the basis of those misrepresentations. Moreover, in bringing the forfeiture action, it appears that the U.S. Attorney's Office and case agent are effectively doing CSC's bidding, thus favoring CSC in a hotly contested civil lawsuit it brought against ServiceMesh's founder, Eric Pulier, that is pending in Delaware Chancery Court to recover the amount of the earnout payment from him. Indeed, the operative allegations of the Second Amended Complaint ("SAC") appear to have been lifted directly from CSC's pleadings in that civil lawsuit.

The government had to amend its initial complaint after Claimants' counsel demonstrated that half of its allegations — which the case agent had verified under penalty of perjury — were factually false. In its First Amended Complaint ("FAC"), the government sought to salvage its forfeiture claims by completely revising its theory of the case, and in the SAC it corrected several factual inaccuracies in the FAC.

The SAC, however, remains fundamentally flawed and virtually every one of its operative allegations appears to be false or misleading (a contention that Claimants' counsel do not make lightly and only after undertaking their own investigation of the government's allegations). The government's latest theory is that Pulier made misrepresentations in a "Letter of Representation" in which he confirmed that ServiceMesh had not entered into any side agreements with its customers respecting several contracts, the revenue of which would be used to

determine the earnout amount. The government's new theory, however, is no more viable than its earlier abandoned theory.

*First*, nothing in the Letter of Representation was false, and the government has not alleged facts to establish otherwise.

*Second*, none of the alleged misrepresentations the government relies upon in alleging a scheme to defraud CSC were material to determining the earnout amount, as evidenced by the fact that: (a) CSC recognized and has retained the revenue from those contracts; (b) all four major accounting firms that reviewed those transactions confirmed that the revenue was legitimate; (c) CSC never restated its earnings, even after filing its lawsuit against Pulier alleging that the earnout was the product of fraud; and (d) CSC's CEO and CFO recently sold thousands of their shares of CSC stock, reaping millions of dollars in profit, without making any disclosures that revenue from those contracts may have been illegitimately derived, which they would have had to do if they or CSC believed that was the case.

*Third*, even taking the allegations of the SAC as true, there was sufficient untainted earnout revenue such that the government cannot show that the Twynhams' relatively small share of the earnout distributions represented or are traceable to the proceeds of the alleged wire fraud scheme.

*Fourth*, the Twynhams are innocent owners as they purchased their home with the money they received from the sale of their ServiceMesh shares to CSC, and they did not believe, and had been no reason to believe, that any of those funds were the proceeds of wire fraud or any other felonious activity.

    C.    PROSPECTS OF EXERCISING RIGHT UNDER 28 U.S.C. § 636

The parties do not agree to exercise their right under 28 U.S.C. § 636 to consent to the designation of a magistrate judge to conduct all proceedings (including trial) and final disposition pursuant to General Order 194-G.

    D.    DISCOVERY PLAN

1. The parties are in agreement that this forfeiture matter is exempt from the Federal Rules' initial disclosure requirements under Fed. R. Civ. P. 26(a)(1)(B)(ii).

2. The government intends to serve written discovery requests and to depose Claimants and other witnesses. The government anticipates that it will seek discovery from witnesses, including the claimants, who reside in Australia. The government anticipates, therefore, that some international travel will be required to complete discovery.

3. If the SAC survives Claimants' motion to dismiss, Claimants anticipate serving written discovery on the government and third party subpoenas on CSC and ServiceMesh, and taking depositions of witnesses, including CSC executives and the case agent who verified the Complaint, FAC and SAC.

4. The parties do not believe that discovery should be conducted in phases or be limited to or focused upon particular issues.

5. The government does not believe that changes should be made in the limitations, or that other limitations should be imposed, on the discovery imposed under the Federal Rules of Civil Procedure or the Local Rules. Claimants believe

that it is too early in the litigation to make that determination.

E. <u>MAJOR PROCEDURAL OR EVIDENTIARY PROBLEMS</u>

Claimants intend to file a motion to dismiss the SAC with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that: (a) the allegations in the SAC, even if taken as true, fail to allege wire fraud or transactional money laundering; (b) judicially noticeable evidence conclusively rebuts the government's allegations that the earnout funds received by Claimants represent proceeds of the alleged wire fraud or money laundering; and (c) granting leave to amend would be futile as the government cannot salvage their forfeiture claims without further violating Fed. R. Civ. P. 11.

If that motion is denied, after conducting the limited discovery outlined above, Claimants intend to file a motion for summary judgment under Fed. R. Civ. P. 56 on the grounds that: (a) the government did not have probable cause to seek forfeiture of the real property or seize the bank funds at the time it filed its initial Complaint; (b) there is no genuine dispute as to any material facts refuting the government's forfeiture claims, as a result of which Claimants are entitled to judgment as a matter of law; and (c) the Twynhams are innocent owners as they had no knowledge that any payments they received for their ServiceMesh shares were the proceeds of the alleged fraud or any other illegal conduct.

The government has informed Claimants that there is an ongoing related Federal criminal investigation, and that it will move for a mandatory stay of this case pursuant to 18 U.S.C.

§ 981(g)(1) after claimants either file an answer or after a motion to dismiss is denied. Claimants intend to vigorously oppose any such motion.

Contrary to the government's claim, a stay of these proceedings is not mandatory. See, e.g., United States v. Real Prop. & Premises, 657 F. Supp. 2d 1060, 1063 (D. Minn. 2009) ("The Government cannot discharge its burden [of showing why a stay is necessary] by claiming that the discovery process could, theoretically, impair the criminal case."). Further, Claimants believe that discovery can be conducted without interfering or undermining any purported criminal investigation. See United States v. Sum of $70,990,605, 4 F. Supp. 3d 209, 215 (D.D.C. 2014) ("a well-crafted protective order limiting discovery will suffice to protect the United States' asserted interest and the protective order will not allow only one side to pursue discovery").

It is imperative for Claimants to resolve this matter as soon as possible, as the case has already been pending for four months while the government sought to remedy the problems with its claims; the assets that the government seeks to forfeit are the Twynhams' home and savings; and Mr. Twynham is unemployable here and in Australia in his chosen field of information technology as long as these allegations remain pending against him.

F. SETTLEMENT PROSPECTS AND COMPLIANCE WITH LOCAL RULE 16-15.4

Claimants' counsel has offered to meet with the government and share the results of their investigation to date in an

effort to facilitate a prompt resolution of the case. The government has not yet responded. In the event that a settlement is not reached 60 days before the final pretrial conference date, the parties believe that a settlement conference under Local Rule 16-15.4 (Settlement Procedure No. 1) would be appropriate in this case.

    G.    WHETHER TRIAL IS TO BE BY JURY OR BY THE COURT

Claimants request a trial by jury for all matters so triable.

    H.    NAMES OF ATTORNEYS WHO WILL ACTUALLY TRY THE CASE

        1.    Trial counsel for plaintiff is Assistant U.S. Attorney Jonathan Galatzan.

        2.    Trial counsel for Claimants are Jeffrey Isaacs, Oren Rosenthal and David Kettel.

    I.    COMPLEX CASE

The parties do not believe that this case is sufficiently complex that the Manual For Complex Litigation should be utilized.

    J.    ADDITIONAL PARTIES

The parties do not anticipate the addition of any other parties.

    K.    PROPOSED DISCOVERY, MOTIONS, AND TRIAL SCHEDULE

The parties propose the following pretrial schedule and trial date:

| EVENT | DEADLINE |
| --- | --- |
| Initial Rule 26(a)(1) Disclosures | Not Applicable |
| Fact Discovery Cut-off | September 23, 2016 |

9

**JOINT RULE 26(f) REPORT**

| Expert Discovery Cut-off | December 23, 2016 |
|---|---|
| Motion Cut-off | October 3, 2016 |
| Final Pretrial Conference | January 9, 2017 |
| Trial Date | January 17, 2017 |

L.   TRIAL ESTIMATE

Trial is expected to take 3-6 days.  The parties expect to stipulate to foundational facts and authenticity of documents where possible, and to otherwise cooperate to reduce the length of trial.

DATED: January 25, 2016   EILEEN M. DECKER
                          United States Attorney
                          LAWRENCE S. MIDDLETON
                          Assistant United States Attorney
                          Chief, Criminal Division
                          STEVEN R. WELK
                          Assistant United States Attorney
                          Chief, Asset Forfeiture Section


                          /s/Jonathan Galatzan
                          Jonathan Galatzan
                          Assistant United States Attorney

                          Attorneys for Plaintiff
                          UNITED STATES OF AMERICA


DATED: January 25, 2016   ISAACS|FRIEDBERG LLP

                          /s/(per confirmation)
                          Jeffrey B. Isaacs, Esq.
                          Oren Rosenthal, Esq.

**JOINT RULE 26(f) REPORT**

DATED: January 25, 2016   THEODORA ORINGHER PC

/s/(per confirmation)
David A. Kettel, Esq.

Attorneys for Claimants
BRADLEY MARTIN LEWIS TWYNHAM and
MARIEL TWYNHAM

**JOINT RULE 26(f) REPORT**