EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JONATHAN GALATZAN
California Bar No. 190414
Assistant United States Attorney
Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2727
    Facsimile: (213) 894-7177
    E-mail: Jonathan.Galatzan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | No. CV 15-6794 RGK (AJWx) |
|---|---|
| Plaintiff, | DECLARATION OF JONATHAN GALATZAN IN SUPPORT OF APPLICATION FOR LEAVE TO REVIEW IN CAMERA |
| v. | |
| REAL PROPERTY LOCATED IN BRENTWOOD, CALIFORNIA (TWYNHAM) ET AL., | **[FILED IN CAMERA]** |
| Defendants. | |

    I, JONATHAN GALATZAN, declare as follows:

    1.   I am an Assistant United States Attorney ("AUSA") in the Central District of California and am responsible for the representation of the government's interest in this civil forfeiture

1

action, entitled <u>United States v. Real Property located in Brentwood, California (Twynham), et al.</u>, CV 15-6794 RGK (AJWx). I make this declaration based upon my personal knowledge and that gained by my review of official government files.

    2.   As reflected in the Stay Motion, the United States has moved under 18 U.S.C. § 981(g) to stay this action pending the resolution of a related federal criminal investigation because proceeding with civil discovery in this action will adversely affect the United States' ability to conduct the related criminal investigation.[1]  In connection with a motion to stay under 18 U.S.C. § 981(g), Congress has authorized the filing of evidence ex parte in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or a related criminal case.  <u>See</u> 18 U.S.C. § 981(g)(5) ("In requesting a stay under paragraph (1), the government may, in appropriate cases, submit evidence ex parte in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial").[2]

---

[1] As reflected in the Stay Motion, the mandatory stay provision, 18 U.S.C. § 981(g)(1) provides that "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case."

[2] Accord, <u>United States v. GAF Financial Services, Inc.</u>, 335 F. Supp. 2d 1371, 1373 n.2 (S.D. Fla. 2004) ("the statute [<u>i.e.</u>, 18 U.S.C. § 981(g)(5)] allows for the government to submit <u>evidence</u> in an [sic] confidential, <u>ex parte</u> form," despite any objection by a claimant) (citation omitted)]; <u>United States v. Real Property and Improvements Located At 10 Table Bluff Road</u>, 2007 WL 911849, *2 (N.D. Cal. Mar. 23, 2007) ("the plain language of the statute [<u>i.e.</u>, 18 U.S.C. § 981(g)(5)] allows the Government to submit such <u>ex parte</u> evidence," despite any objection by a claimant) (citations omitted).

3. Unless the Court authorizes the filing in camera of the non-public declaration, the disclosure of information in that declaration would adversely affect the conduct of a related federal criminal investigation. In addition, the in camera request is made with respect to a motion to stay this action, which is not a dispositive motion finally adjudicating the parties' rights on the merits but is instead a request to defer the resolution of the merits in order to avoid the disclosure of the details of a confidential, ongoing federal criminal investigation related to the civil forfeiture case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on March 9, 2016.

Dated: March 9,2016

Respectfully submitted,

EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section


    /s/Jonathan Galatzan
JONATHAN GALATZAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA