EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JONATHAN GALATZAN
Assistant United States Attorney
Asset Forfeiture Section
California Bar No. 190414
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone: (213) 894-2727
   Facsimile: (213) 894-7177
   E-mail: Jonathan.Galatzan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CV 15-6794 RGK(AJWx) |
|---|---|
| Plaintiff, | **[PROPOSED] CONSENT JUDGMENT OF FORFEITURE** |
| v. | |
| REAL PROPERTY LOCATED IN BRENTWOOD, CALIFORNIA (TWYNHAM), ET AL., | |
| Defendants. | |
| BRADLEY TWYNHAM AND MARIEL TWYNHAM, | |
| Claimants | |

    Plaintiff and Claimants Bradley Martin Lewis Twynham and Mariel Twynham ("Claimants") have made a stipulated request for the entry of this Consent Judgment, resolving this action in its entirety. The defendant assets were seized from Claimants, and they assert an interest in the defendant assets and have filed claims in this case

and have answered the complaint. No other claims or answers were filed, and the time for filing claims and answers has expired.

The Court, having considered the stipulation of the parties, and good cause appearing therefor, **HEREBY ORDERS ADJUDGES AND DECREES:**

1. The government has given and published notice of this action as required by law, including Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court. Claimants have filed claims and answers to contest the forfeiture of the defendant assets. No other claims were filed, and the time for filing claims and answers has expired. This Court has jurisdiction over the parties to this judgment and the defendant assets. Any potential claimants to the defendant assets other than Claimants are deemed to have admitted the allegations of the complaint with respect to the defendant assets. Nothing in this consent judgment is intended or should be interpreted as an admission of wrongdoing by Claimants Bradley Martin Lewis Twynham or Mariel Twynham, nor can this consent judgment be admissible in any criminal proceeding against the Claimants to prove any of the facts relied upon to establish reasonable cause for the seizure of the defendant assets.

2. The following shall be returned to Claimant Mariel Twynham as follows:

    a. $413,158.37.

The United States shall return the above-listed asset in Paragraph 2 not later than 45 days after (a) the court enters this Consent Judgment and (b) Claimants provide to the government the bank routing and personal identifiers needed to effect a wire transfer of any returned funds, whichever is later. If the United States elects to make the payment by check, the check will be payable to "Nyman

Gibson Miralis Trust Account," and mailed to Mariel Twynham, in care of her attorney, Dennis Miralis, Nyman Gibson Miralis, Level 9, 299 Elizabeth Street, Sydney, NSW2000 Australia, P.O. Box 21147 World Square NSW2002 Australia.  If the United States elects to make the payment by wire transfer, the funds will be wire transferred to an "Nyman Gibson Miralis Client Trust Account."

   3. The following shall be forfeited to the United States, and no other right, title or interest shall exist therein.  The Government shall dispose of the following according to law:

     a. $413,158.37.

   4. Claimants have agreed to release the United States of America, its agencies, agents, and officers, including employees and agents of the Federal Bureau of Investigation, as well as all agents, officers, employees and representatives of any state or local government or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims, actions or liabilities arising out of or related to the seizure and retention of the defendant assets and/or the commencement of this civil forfeiture action, including, without limitation, any claim for attorneys' fees, costs or interest which may be asserted on behalf of Claimants against the United States, whether pursuant to 28 U.S.C. § 2465 or otherwise.  Claimants have waived any rights they may have to seek remission or mitigation of the forfeiture.

   5. The court finds that there was reasonable cause for the seizure of the defendant assets and the institution of this action as to the defendant assets.  This judgment constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465 as to the defendant assets.

//

6. Each of the parties shall bear its own fees and costs in connection with the seizure, retention and return of the defendant assets.

DATED: _____, 2016    _____
                            THE HONORABLE R. GARY KLAUSNER
                            UNITED STATES DISTRICT JUDGE

Prepared by:

EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

 /s/ Jonathan Galatzan
JONATHAN GALATZAN

Assistant United States Attorney
Asset Forfeiture Section